JOURNAL ENTRY AND OPINION
Defendants Albert Gibel, George Gibel and Stanley Josselson appeal from the order of the trial court which found them in contempt of court. For the reasons set forth below, we reverse and remand this matter for further proceedings.
On October 9, 1998, plaintiff Midwest Fireworks Manufacturing Co. ("Midwest") filed a complaint for conversion against defendants in which it alleged that Albert Gibel embezzled $234,000 from Midwest and that attorneys George Gibel and Stanley Josselson were in possession of approximately $80,000 and an automobile which were directly traceable to the funds allegedly stolen by Albert Gibel. Also on October 9, 1998, Midwest sought an order of attachment in order to recover these assets.
The matter proceeded ex parte and in an order journalized on October 9, 1998, the trial court commanded the Cuyahoga County Sheriff to "attach $80,000 in cash and a Cadillac possessed by Defendants George Gibel and Stanley Josselson." The trial court further noted that defendants may recover this property by filing a bond with the court pursuant to R.C. 2715.10 or 2715.26. On December 1, 1998, defendants deposited $70,500 with the Clerk of Courts pursuant to this order. Defendants later notified the court that the car had been sold. In response to these two developments, Midwest filed a motion to show cause in which it asserted that defendants should be held in contempt of court for failing to comply with the prior orders of the court requiring attachment. Midwest also filed a motion to waive the requirements of R.C. 2715.044 which mandates, inter alia, that the plaintiff post a bond for use of the defendant in the event that the plaintiff does not prevail.
On July 28, 1999, the trial court denied Midwest's motion to waive the bond requirement. On July 29, 1999, defendants filed a motion to discharge the attachment, but they withdrew this motion on the following day.
The trial court subsequently held a hearing on the motion to show cause. George Gibel and Stanley Josselson testified at this hearing but Albert Gibel invoked his constitutional right to refuse to testify. At the conclusion of the hearing, the trial court found all three defendants in contempt of court for violating the orders of attachment. Each defendant was fined $250 and sentenced to thirty days in jail. The court ruled, however, that George Gibel could purge the contempt citation by posting $9,600 with the Clerk of Courts by September 3, 1999, that Albert Gibel could purge the contempt citation by posting $13,000 and that Stanley Josselson could purge the contempt citation by posting $5,000. Defendants now appeal and assign four errors for our review.
Defendants' first assignment of error states:
 THE TRIAL COURT ERRED IN FINDING APPELLANTS IN CONTEMPT OF COURT ORDERS BECAUSE THE ORDERS VIOLATED APPELLANTS CONSTITUTIONAL RIGHTS.
Within this assignment of error, defendants assert that because plaintiff failed to post a surety bond, there was insufficient judicial supervision of the matter and the requirements of due process rights were not met.
In Peebles v. Clement (1980). 63 Ohio St.2d 314, paragraph one of the syllabus, the Supreme Court held:
 "Statutes providing for prejudgment attachment must at a minimum: (1) require plaintiff to furnish an appropriate bond or other security to compensate a defendant in the event of wrongful seizure; (2) require that an affidavit be filed alleging personal knowledge of specific facts forming a basis for prejudgment seizure; (3) require that a judicial officer pass upon the sufficiency of the facts alleged in the affidavit; (4) provide for dissolution of the seizure upon the posting of a bond by defendant; and (5) provide an immediate right of hearing to the defendant in which plaintiff must prove that the seizure is warranted." (Emphasis added)
The Peebles Court determined that absent these minimum requirements, the attachment procedure is lacking in judicial supervision and therefore does not provide defendants with due process of law.
The current version of R.C. Chapter 2715 was adopted after thePeebles decision. Under the present version of R.C. Chapter 2715, a motion for attachment shall be accompanied by an affidavit of the plaintiff, his agent, or attorney which sets forth the nature and amount of the plaintiff's claim; the facts that support at least one of the grounds for an attachment listed in R.C.2715.01; a description of the property sought and its approximate value if known; the location of the property; the use to which the defendant has put the property and that the property is not exempt from attachment or execution; if the property sought is in the possession of a third person, the name of the person possessing the property.
Generally, the defendant must receive notice of the motion for attachment and the court then conducts a hearing on the motion. R.C. 2715.043. The hearing is limited to a consideration of whether there is probable cause to support the motion and whether any of the defendant's property is exempt from attachment. R.C.2715.043(B)
R.C. 2715.045 provides for the issuance of an ex parte order of attachment without notice or hearing, however, where the movant states in an affidavit that he would suffer irreparable harm if attachment is delayed until a hearing is held, and that the defendant is about to place the property beyond the reach of its creditors. Johnson Hardin Company v. DME Limited (1995),106 Ohio App.3d 377, 388.
R.C. 2715.044 requires the plaintiff to post a bond and provides, in relevant part, as follows:
 An order of attachment issued by a court shall not be effective until the plaintiff that filed the motion for attachment files with the court a bond to the defendant against whom the motion was filed, executed by the plaintiff's surety, in an amount twice the approximate value of the property to be attached under the order, to the effect that, should judgment be issued against the plaintiff, the plaintiff will return the property taken or pay the value so assessed, at the election of the defendant, and also pay the damages suffered by the defendant as a result of the taking and detention of, and any injury to, the property and the costs of the action.
In this instance, plaintiff did not post a bond with the trial court and the order of attachment issued by the trial court was therefore not effective pursuant to R.C. 2715.044. In accordance with the clear language of Peebles v. Clement, supra, the requirement that the plaintiff post a bond is an essential component of the mandatory judicial supervision of the attachment procedure which is necessary in order to provide the defendant with due process of law. Absent a bond in this instance, an essential element of judicial supervision was absent and there was an insufficient guarantee of due process.
This assignment of error is well-taken.
Defendant's second assignment of error states:
 THE TRIAL COURT ERRED IN FINDING APPELLANTS IN CONTEMPT OF A COURT ORDER FOR ACTIONS TAKEN PRIOR TO THE COURT ORDER BEING ISSUED.
 THE TRIAL COURT ERRED IN FINDING APPELLANTS IN CONTEMPT OF A COURT ORDER WHEN THE PROPERTY INVOLVED COULD NOT BE ATTACHED UNDER THE ORDER.
Defendants next claim that they cannot be found to have violated the trial court's order of attachment in connection with actions undertaken before the journalization of that order. They also claim that motor vehicles[1] cannot be included within orders of attachment. In light of our disposition of the previous assignment of error, these claims are moot and we will not address them herein. App.R. 12(A)(1)(c).
Defendant's fourth assignment of error states:
 THE TRIAL COURT ERRED IN ADMITTING INTO EVIDENCE MATTERS DISCUSSED DURING A NEGOTIATION SESSION BETWEEN APPELLANT GEORGE GIBEL AND LARRY LOMAZ, PRESIDENT OF MIDWEST FIREWORKS MANUFACTURING CO., INC., APPELLEE, AS ITS BASIS FOR ATTACHMENT ORDER.
Defendants also contend that plaintiff learned during settlement negotiations that George Gibel is holding Albert Gibel's funds in a client bank account and that the trial court erroneously permitted introduction of this evidence in violation of Evid.R. 408.
Evid.R. 408 provides:
 "Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."
In Shimola v. Cleveland (1992), 89 Ohio App.3d 505, 511, this court noted that trial courts enjoy broad discretion concerning the scope of examination and the submission or exclusion of evidence. This court stated:
 Evid.R. 408 is meant to exclude offers to compromise and of compromises to prove the liability for, or invalidity of, the claim or its amount when liability, invalidity or the amount is at issue. The exclusion does not apply when the evidence is presented for a purpose other than proving liability, invalidity, or the amount of the claim.
In this instance, the disputed statements allegedly made by defendants during negotiation of the criminal charges were presented for a purpose other than proving liability, invalidity, or the amount of the claim and were instead directed to the location of certain funds belonging to Albert Gibel. We are therefore unable to conclude that the trial court abused its discretion in permitting introduction of this evidence.
This claim lacks merit.
For the foregoing reasons the judgment of the trial court is reversed and the matter is remanded for further proceedings consistent with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellee their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J., AND JAMES M. PORTER, J., CONCUR.
 ____________________________________ ANN DYKE, ADMINISTRATIVE JUDGE
[1] George Gibel later testified that Albert Gibel sold the Cadillac.